Rogers, J.
The action is one for an accounting. It appears from the amended petition that the city of Columbus granted the defendant, by three several ordinances, the right to use its streets, alleys, etc., in laying its pipes for the purpose of transporting gas therein and furnishing the same to the city and its inhabitants, upon certain terms and conditions therein specified; that the first two ordinances provided for the right to lay pipes for natural gas, and the last ordinance for both natural and artificial gas; that one of the terms and conditions of the franchise was that the defendant should annually, on the first Monday of January, pay plaintiff for the benefit of the general expense fund of said city ten per cent, of all monies received from the sale of all natural gas sold at a price exceeding fifteen cents per thousand cubic feet, and that the director of accounts of said city should have the right to examine the books showing the receipts of said company from gas sold within said city and the prices-therefor once during each and every month, for the purpose of ascertaining the amount of gas sold within said city and the prices paid therefor; that the defendant accepted, in writing, the provisions of these several ordinances, the last acceptance having been made-on the 16th day of April, 1900, by filing the same with the city clerk; that pursuant to these grants, the defendant had laid seventy-five miles or thereabouts of its pipe in the streets and alleys of the city, and has used and is now usihg *307 said streets for the purpose of transporting its gas to consumers; and that it has failed to pay anything whatsoever to plaintiff, and refuses to make any payments, and refuses to permit the city to examine its books, under the provisions of said ordinances, although large sums of money have accrued thereunder belonging to said city from said defendant.
The defendant demurs generally to the amended petition. Exhaustive briefs have been submitted on the questions of law involved, which have been of great aid to the court in arriving at a conclusion.
A contention of defendant is urged that the plaintiff has no power to impose conditions upon natural gas companies, except those which a.re expressly mentioned in the Revised Statutes, 1536-567 (Section 3982, General Code); and having no power to impose conditions, it has no power to impose the condition of the payment of the annual fee or percentage of all monies received from the sale of gas at a price exceeding fifteen cents per thousand cubic feet.
I am unable to agree with the defendant's counsel concerning this contention. In.the early history of natural gas legislation, Section 3878 (Section 3995, General,Code,.et seq.) was amended March 24, 1888 (85 v. 114), which provides for condemnation proceedings by companies organized for the purpose of transporting natural gas, and further provides that—
“So far as the rights of the public therein are concerned, the county commissioners as to county and state roads, the township trustees as to township roads, and the council of municipal corporations as to streets and alleys in their respective jurisdiction, may, subject to such regulation and restrictions as they may prescribe, grant such company the right to lay such tubing and piping therein,” etc.
The contention might be made that the companies contemplated by this statute were purely pipe line companies, which might desire to pass throttgh cities with one or more of their pipe lines. But this construction is too narrow; for the proviso therein with regard to .the appropriation of property within the municipal corporation declares that if more than one continuous line of piping or tubing or land therefor be required “in or through a municipal corporation” the consent of the- munici *308 pality shall be obtained. This clearly shows that these companies organized for the purpose of transporting gas shall not mérely go through municipalities but shall terminate in the municipalities, and may do so for all lawful purposes for which their business is organized, including the .furnishing of gas to consumers and to the city itself. Every gas company is purely a transporting company, and the consumer taps its line whereby the company furnishes therefrom to the consumer its gas. I am clearly of opinion that this section gives the city the right to impose conditions upon the defendant as a natural gas company in the same way that Section 3550, Revised Statutes (Section 9320, General Code), gave the right to municipalities to impose conditions upon gas companies which were permitted to lay pipes in streets and alleys of municipalities.
Bes’des, Section 2651-17 declares that a municipal corporation may by Ordinance grant the use of its streets to lay pipes for the purpose Of supplying its inhabitants with heat and power, “upon such terms as such corporation may deem proper.” This section might not carry the matter of light, and, hence, would not be broad enough to place restrictions upon a natural gas company which furnished light to the inhabitants. But Section 3878, Revised Statutes, as amended March 24, 1888, and which was in force at the time these ordinances were passed and the benefits thereunder accepted by the defendant, furnish ample authority for the city to impose “such regulations and restrictions as they may prescribe” upon the defendant desiring the privilege to use its streets for transporting its gas through pipes, ’ whether to inhabitants in the city or t'o places beyond and through the city. ITence, Section 1536-567, Revised Statutes, is not the sole governing section giving authority to impose conditions upon natural gas companies within municipalities.
The city having the power to impose the terms and conditions upon -the privilege of defendant to enter the city and use its streets, the next question that confronts us is as to whether or not the conditions specified are such' as the city has a right to impose. It is contended that the condition or provision with regard to the payment of the percentage in question is a revenue measure- — a tax- — and, therefore, can not be imposed. The claim is that the ordinances themselves disclose that the payment was *309 to be “for tbe benefit of the general expense fund of said city,” and, therefore, was another means of levying a tax upon said company in addition to its regular taxes, which would be unconstitutional and void.
It does not necessarily follow that because provision is made that the money from th:s source is to be placed to the credit of the general expense fund, the purpose of the law was exclusively the raising of general revenue. See on this subject: Marmet v. State, 45 O. S., at page 68; also as reflecting upon the same subject, see City v. Columbus Gas Co., 76 O. S., 309, 335.
It is also contended that the condition imposed is unreasonable, and therefore void. The court has no right to go into this quest’on upon a hearing on a demurrer, but will presume that the conditions imposed are reasonable in the absence of facts to the contrary. There is no way from the petition and the admitted facts therein for -the court to determine the reasonableness or unreasonableness of the terms imposed, and must, therefore, resolve this point in favor of the plaintiff.
I am further of opinion that by the passage of the ordinances in question and their acceptance in writing by the defendant, a contract was thereby entered into between these parties, and that the condition imposed upon the defendant as a consideration for the privilege granted, and which privilege has been executed on the part of the city and fully performed by allowing the use of its streets by the defendant for the purposes specified, must be fulfilled by the defendant upon principles of contract, independent of the question as to whether or not the city had the right to impose terms upon the. defendant in the use of the streets. For the city certainly could have excluded the defendant from laying its pipes in the streets and from coming into the city for that purpose independent of any statute, as no citizen has the right to use the highways for purposes other than those generally contemplated as highway uses, and on this ground the city could have prevented the defendant from using its streets. But plaintiff saw fit to allow defendant to use them, and it has used the streets and derived the benefits therefrom, and this use is the consideration which supported the promise 'of the defendant to pay therefor as a condition of such use. The principle of ultra vires might apply to an executory contract, but when *310 a contract is executed on the one side and fully performed, as appears in this ease, on the part of the city, the defendant ought not to be permitted in a court of conscience to escape the fulfillment of its contract on the ground that the city had no right to make it.
The demurrer is, therefore, overruled with exceptions allowed to the defendant.